UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASEPROTECT USA, Inc., a New Jersey Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SWARM # 1277D1F87FA9C4F28D43D2C07E9EF6816E366ED1, a joint enterprise, and JOHN DOES 1-X, such persons being presently unknown participants and members of the joint enterprise,<br><br>　　　　　　　Defendants. | Civil Action No. 11-7289 (SDW)(MCA)<br><br>**ORDER** |

**THIS MATTER** having come before the Court upon application of The McDaniel Law Firm, PC, Jay R. McDaniel, Esq. appearing for Plaintiff Baseprotect USA Inc., seeking leave to take expedited discovery prior to the Rule 26 conference, and the Court having considered the supporting papers filed and good cause having been shown;

**IT IS** on this 23rd day of April, 2012,

**ORDERED** that Plaintiff is hereby granted leave to take expedited discovery prior to the Rule 26 conference; it is further

**ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas to each and every Internet Service Provider entity identified on attached Exhibit A, to obtain all information sufficient to identify each Defendant based on supplied IP addresses, but limited to name, current (and permanent) address; it is further

**ORDERED** that the within Order shall constitute an order of a court pursuant to the Cable Communications Policy Act, 47 U.S.C. § 551(c)(2)(B) and the Internet Service Provider entities served with a subpoena pursuant to this Order shall disclose the personally identifiable information of the subscribers identified by the supplied IP addresses; it is further

**ORDERED** that any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of prosecuting Plaintiff's rights as set forth in the Complaint; it is further

**ORDERED** that the Internet Service Providers shall produce such information in an expeditious manner, but on a rolling basis as the information can be obtained and as it becomes available; and, shall confer with Plaintiff, if necessary, to determine a mutually agreeable schedule for such production; it is further

**ORDERED** that the Internet Service Providers may provide prior notice to their subscribers that are the subject of any subpoena served by Plaintiff in order to provide the subscribers an opportunity to limit or prohibit disclosure or move to quash the subpoena; it is further

**ORDERED** that Plaintiff and any entity that receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of IP addresses which are not controlled by such entity, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the entity's internal costs to notify its customers; it is further

**ORDERED** that any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such

billing summary and any costs claimed by such entity; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities; it is further

**ORDERED** that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so no later than 20 days from the date of service; it is further

**ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any time-filed motion to quash.

DATED: 4-23-12

s/Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES MAGISTRATE JUDGE**

cc: Clerk of the Court
     Hon. Susan D. Wigenton, U.S.D.J.
     All Parties
     File